# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **MARY ELIZABETH GRAY,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. _____ |
| ) | |
| **WILLIAMSON MEDICAL CENTER,** ) | **JURY DEMAND** |
| ) | |
| *Defendant*. ) | |

## **COMPLAINT**

COMES NOW the Plaintiff and as a basis for her relief against the Defendant avers as follows:

### I.  Introduction

1. This is a complaint for medical negligence brought against the Defendant Williamson Medical Center, for acts and omissions resulting in personal injuries to the Plaintiff which would not otherwise have occurred.

### II.  Jurisdiction and Venue

2. This Court has diversity jurisdiction pursuant to the provisions of 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds the statutory minimum.

3. Venue lies in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 in that Defendant Williamson Medical Center, resides and does business in this District and the acts complained of occurred in this District..

1

**III. Parties**

4. Plaintiff Mary Elizabeth Gray is a citizen resident of Colbert County, Alabama and is over the age of nineteen years and of sound mind ("Gray").

5. Defendant is an independent not for profit medical center located and doing business in Williamson County, Tennessee. Defendant employs numerous medical personnel including but not limited to registered nurses, licensed practical nurses and nurse practitioners.

**IV. Legal Basis for the Action and Compliance with State Procedural Requirements**

6. This action is for medical negligence being brought pursuant to T.C.A. 29-26-115 et seq., and the common law of the State of Tennessee.

7. Plaintiff has complied with the requirements of T.C.A. 29-26-121 by serving notice on the Defendant via Certified Mail by letter dated March 2, 2011. Defendant acknowledged receipt of the Notice of Claim. A copy of the affidavit of the mailer and accompanying documents are attached as Exhibit 1.

8. Filed contemporaneously with this Complaint in compliance with T.C.A. 29-26-122 is a Certificate of Good Faith, and is attached as Exhibit 2.

**V. Statement of Facts**

9. On or about March 13, 2010, Gray was a patient at Williamson Medical in Franklin, Tennessee.

10. Gray was hospitalized due to a lumbar fusion performed by Dr. Michael J. McNamara on or about March 11, 2010.

11. On or about March 12 or 13, 2010, while a patient at Williamson Medical, the Plaintiff was being repositioned in her bed. An employee of Williamson Medical, a nursing

aid/nurse/medical technician, grasped the Plaintiff by her neck and negligently attempted to pull Gray up further in the bed while Plaintiff was lying in a supine position.

12. Gray cried out in intense pain and tried to explain to the nursing aid/nurse/medical technician that she had just had neck surgery. However, the nursing aid/nurse/medical technician continued attempting to position Gray in her bed by grasping her neck.

13. Gray reported the incident to proper nursing and medical personnel. The grasping of Gray's neck caused further complications and injury to her cervical spine requiring additional surgical intervention by Dr. Michael J. McNamara in August of 2010.

## COUNT I

## MEDICAL NEGLIGENCE

14. Plaintiff incorporates by reference and re-alleges as if fully set out herein the allegations of paragraphs 1-13 of this Complaint.

15. The employee(s) of the Defendant failed to exercise reasonable care when transferring Gray in her bed and negligently caused and/or allowed Gray to suffer bodily injury.

16. At all times described above and material hereto, the employee(s) of the Defendant was acting in the course and scope of her employment with the Defendant and in the furtherance of the Defendant's business, and therefore, Defendant is vicariously liable for his/her/their negligence in causing and/or allowing Gray to suffer a cervical injury.

17. As a proximate result of the above-described negligence of the employee(s) of the Defendant while acting in the course and scope of his/her/their employment and in furtherance of the Defendant's business, Gray was bruised and contused; she suffered a broad-based disk protraction at C3-C4 which required hospitalization and surgical repair; she incurred medical

3

expenses for the treatment of her bodily injury; she endured intense and permanent pain and suffering, and has lost the enjoyment of numerous aspects of her life before the injury.

## COUNT II

## NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

18. Plaintiff incorporates by reference and re-alleges as if fully set out herein the allegations of paragraphs 1-17 of this Complaint.

19. Defendant failed to exercise reasonable care in the hiring, training and/or supervision of the certified nursing assistant/nurse/medical technician who was attempting to transfer position of Gray in her bed on the occasion of the aforedescribed incident made the basis to this lawsuit.

20. As a proximate result of the Defendant's negligence, the employee(s) of the Defendant caused and/or allowed Gray to suffer bodily injury by grasping and pulling of her cervical spine.

21. As a proximate result of the above-described negligence of the employee(s) of the Defendant while acting in the course and scope of his/her/their employment and in furtherance of the Defendant's business, Gray suffered the injuries and damages alleged in paragraph 17 above:

## COUNT III

## NEGLIGENT STAFFING

22. Plaintiff incorporates by reference and re-alleges as if fully set out herein the allegations of paragraphs 1-21 of this Complaint.

23. Defendant failed to exercise reasonable care in the staffing of Williamson Medical resulting in inadequate or incompetent staff to provide reasonable care to Gray.

24. As a proximate result of the aforedescribed negligence of the Defendant, its employee(s) caused and/or allowed Gray to suffer bodily injury by grasping and pulling her cervical spine.

25. As a proximate result of the above-described negligence of the employee(s) of the Defendant while acting the course and scope of their employment and in furtherance of the Defendant's business, Gray suffered the injuries and damages alleged in paragraph 17 above:

WHEREFORE, premises considered, Plaintiff prays as follows:

1) For a jury to try all issues so triable;
2) For an award of compensatory damages sufficient to make her whole, but not exceeding $500,000;
3) To the extent allowable, for all costs and reasonable attorneys' fees;
4) For any further and general relief to which she may be entitled.

Dated: July 8, 2011                                    Respectfully submitted,

                                                       /s/ Douglas S. Johnston, Jr.
                                                       Douglas S. Johnston, Jr. #5782
                                                       BARRETT JOHNSTON, LLC
                                                       217 Second Avenue North
                                                       Nashville, Tennessee 37201
                                                       615-244-2202

                                                       *Attorney for Plaintiff*