IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY ELIZABETH GRAY | ) |
| | ) |
| v. | ) NO. 3-11-0659 |
| | ) JUDGE CAMPBELL |
| WILLIAMSON MEDICAL CENTER | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 14). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff alleges, in this medical negligence action, that Defendant, through its employees, caused serious injury to Plaintiff's cervical spine. Plaintiff's Complaint avers that Plaintiff was a patient in the Defendant hospital because of a lumbar fusion performed by her physician. Plaintiff asserts that, while she was a patient in the hospital, one of Defendant's employees grasped Plaintiff by the neck and negligently attempted to pull Plaintiff up in the bed, causing intense pain and injury to Plaintiff's cervical spine requiring additional surgical intervention. Docket No. 1.

Plaintiff contends that Defendant is liable for the actions and/or omissions of Defendant's employee, who was acting within the course and scope of her employment. Plaintiff's Complaint alleges causes of action for medical negligence, negligent hiring, training and/or supervision, and negligent staffing. Docket No. 1.

Defendant has filed a Motion to Dismiss, contending that Defendant is immune from liability in this case because Plaintiff failed to assert the waiver of immunity in the Tennessee Governmental Tort Liability Act ("TGTLA") and that Plaintiff's claims are time barred.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

Sovereign immunity from suit has been removed by the Tennessee General Assembly for injury proximately caused by a negligent act or omission of any employee of a governmental entity[1] within the scope of his employment, except for certain enumerated exceptions, none of which is alleged to be applicable here. Tenn. Code Ann. § 29-20-205.

Defendant argues that Plaintiff has brought her medical negligence claims against Defendant without asserting the TGTLA as the basis for her action and, therefore, her action should be dismissed. Defendant cites an unpublished decision of the Western District of Tennessee for its

---

[1] Plaintiff does not dispute that Defendant is a "governmental entity" as that term is defined in the TGTLA, in light of its being owned and operated by Williamson County. Tenn. Code Ann. § 29-20-102(3)(A).

assertion that Plaintiff must affirmatively plead waiver of immunity under the TGTLA.[2] Another decision by the same court held that a plaintiff was not required to plead the City's waiver of immunity in the complaint. *Chalmers v. Clemons*, 359 F.Supp.2d 700, 703 (W.D. Tenn. 2005).[3]

In *Uhuru v. City of Memphis*, 2008 WL 4646156 (W.D. Tenn. Oct. 17, 2008), the court noted that courts are divided as to whether a plaintiff is required to plead a municipality's waiver of immunity in the complaint. *Id*. at * 9. The court in *Uhuru* also noted that courts routinely allow plaintiffs to amend their complaints to assert the TGTLA as a basis for their actions. *Id*.

The Court finds that Plaintiff should be allowed to amend her Complaint to affirmatively state that her negligence claims are filed pursuant to the TGTLA. Plaintiff shall file her Amended Complaint by January 13, 2012. Accordingly, Defendant's Motion to Dismiss on this issue is denied.

## STATUTES OF LIMITATIONS

The TGTLA provides that an action against a governmental entity pursuant to that Act must be commenced within one year after the cause of action accrues. Tenn. Code Ann. § 29-20-305(b). Tennessee's Medical Malpractice Act, however, provides an extension of that deadline for 120 days for persons who comply with the notice provisions of that Act. Tenn. Code Ann. § 29-26-121(c).

There is a dispute as to whether this deadline extension applies and extends the time within which to file medical malpractice claims against governmental entities, for which the TGTLA

---

[2] *Jones v. Yancy*, 2010 WL 625392 (W.D. Tenn. Feb. 17, 2010).

[3] In *Gentry v. Cookeville General Hospital*, 734 S.W.2d 337 (Tenn. Ct. App. 1987), also cited by Defendant, the court held that because the TGTLA was the only authority for the plaintiff's personal injury action, it must considered the basis of the action, despite the fact that the complaint did not reference the TGTLA. *Id*. at 339.

3

provides the one-year statute of limitations. Defendant has notified the Court that it will be presenting this issue to the Tennessee Supreme Court for decision. *See* Docket No. 19. Therefore, Defendant's Motion to Dismiss the medical malpractice claims on statute of limitations grounds is denied without prejudice to its being re-filed once the Tennessee Supreme Court has made its decision.

Defendant also asks the Court to dismiss Plaintiff's claims for negligent hiring, training, supervision and staffing as time barred pursuant to Tennessee's statute of limitations for ordinary negligence claims. It is unclear at this point in the litigation whether these claims are for ordinary negligence or are part of the medical malpractice claims.

The Tennessee Supreme Court has recently held that if the alleged breach of the duty of care is one that was based upon medical art or science, training or expertise, then it is a claim for medical malpractice. *Estate of French v. Stratford House*, 233 S.W.3d 546, 556 (Tenn. 2011). If, however, the act or omission complained of is one that requires no specialized skills and could be assessed by the trier of fact based on ordinary every-day experiences, then the claim sounds in ordinary negligence. *Id.* The determination of whether claims should be characterized as ordinary negligence or medical malpractice claims depends heavily on the facts of each individual case. *Id.*

Accepting the allegations of the Complaint as true, a reasonable trier of fact could find that Plaintiff's claims all sound in medical malpractice. Therefore, Defendant's Motion to Dismiss these particular claims is also denied, without prejudice to the argument being re-asserted once discovery is complete.

CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 14) is DENIED.

4

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE